UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER THOMAS JACKOWSKI,<br><br>Plaintiff,<br><br>-against-<br><br>CHERYL ANN SELLARS; ERIC GROSS,<br><br>Defendants. | 22-CV-7763 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently a resident of either Onondaga County, New York, or Earleville, Maryland,[1] brings this *pro se* action, alleging that Defendants removed Plaintiff's property from his home and sold it in Onondaga County, New York. Named as Defendants are Cheryl Ann Sellars, a resident of Onondaga County, New York, and Eric Gross. Plaintiff does not provide an address for Gross, but his allegations suggest that Gross also resides in Onondaga County. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] In one section of the complaint, Plaintiff lists an address in Onondaga County, New York. (*See* ECF 1, at 3.) In another section of the complaint, he lists an address in Earleville, Cecil County, Maryland. (*See id.* at 7.)

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred in Syracuse and East Syracuse, New York, both of which are located in Onondaga County, New York. He alleges that Defendant Sellars resides either in Syracuse or Fayetteville,[2] both of which are also located in Onondaga County. Plaintiff does not provide an address for Defendant Gross, but the allegations in the complaint suggest that Gross resides with Sellars in Onondaga County. Onondaga County falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Even if the Court assumes that Gross resides in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Onondaga County, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

---

[2] The Fayetteville, New York, address provided for Sellars appears to be a work address. (*See* ECF 1, at 4.)

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Onondaga County, where Sellars resides and Gross appears to reside, and it is reasonable to expect that all relevant documents and witnesses also would be at Onondaga County. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 13, 2022
              New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge